UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00- 1080 CR-LENARD**
CASE NO._____

18 U.S.C. § 287
18 U.S.C. § 2  **MAGISTRATE JUDGE**
                **TURNOFF**



| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NARAS AVIATION, INC., and | ) |
| NATARAJAN NARAYANAN, | ) |
| | ) |
| Defendants. | ) |

## INFORMATION

The United States Attorney charges that:

At all times relevant to this Information:

1. Defendant NARAS AVIATION, INC., a business incorporated in the State of Florida, with its principal place of business in Miami, Florida, repaired and sold aircraft parts for use in government and commercial aircraft.

2. Defendant NARAS AVIATION, INC., entered into contracts with the United States Coast Guard of the Department of Transportation, to overhaul and modify aircraft parts, that is, directional gyroscopes, pursuant to industry and technical standards adopted by the government.

3. Gyroscopes are considered flight critical aircraft parts because they provide a basic heading stabilization for the compass system of an airplane. The compass system provides an accurate heading reference to aid in navigation, regardless of the latitude position of the plane. In addition to providing a visual heading reference, the compass system furnishes heading information to other navigational systems in the airplane.

4. These gyroscopes are installed in United States Coast Guard aircraft used in search and rescue and drug interdiction operations of the United States Coast Guard.

5. Defendant NARAS AVIATION, INC., was required to overhaul and modify the gyroscopes referenced in the contracts by a serial number, using new materials in accordance with the Federal Acquisition Regulations governing such contracts. Defendant NARAS AVIATION, INC., was not allowed to utilize used or reconditioned materials unless otherwise approved in writing by the United States Coast Guard.

6. Defendant NARAS AVIATION, INC., was required to upgrade the base assemblies of the gyroscopes specified in the contracts to include electronic components designed to improve the performance of the units.

7. Defendant NARAS AVIATION, INC., was required to create and indicate on maintenance documents the actual work performed and parts used in the overhaul and modification of each serialized gyroscope specified in the contracts.

8. Members of the aviation industry rely on the representations made on these documents to not only ensure that the specified gyroscope has been properly repaired and certified as airworthy, but also for tracking purposes in case of failure.

9. Defendant NATARAJAN NARAYANAN was the President, Chief Inspector, and a fifty-percent owner of defendant NARAS AVIATION, INC. As Chief Inspector, NATARAJAN NARAYANAN was responsible for the overall operations and quality controls of the company.

10. Defendant NATARAJAN NARAYANAN instructed employees of defendant NARAS AVIATION, INC., to perform the modifications by replacing parts of the gyroscopes from the United States Coast Guard with used parts from gyroscopes of other customers, instead of using new parts.

11. Defendant NATARAJAN NARAYANAN instructed employees of defendant NARAS AVIATION, INC., to prepare maintenance records and invoices which falsely represented that the overhauls and modifications were performed using new parts and in accordance with industry standards.

12. On or about November 16, 1995, at Dade County, in the Southern District of Florida, and elsewhere, the defendants,

> NARAS AVIATION, INC., and
> NATARAJAN NARAYANAN,

together with others known and unknown to the United States Attorney did knowingly make and present, and cause to be made and presented, to the United States Coast Guard of the United States

Department of Transportation, a false, fictitious, and fraudulent claim, that is, an invoice in the amount of $10,000.00, for a gyroscope, serial number 8103254, that was not modified in conformance with contract requirements and industry standards.

All in violation of Title 18, United States Code, Sections 287 and 2.


*[signature]*
GUY A. LEWIS
UNITED STATES ATTORNEY


*[signature]*
ELOISA DELGADO FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
v.
Naras Aviation, Inc., and
Natarajan Narayanan,

CASE NO. 00-1080-CR-LENARD
MAGISTRATE JUDGE
TURNOFF

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division:** (Select One)

_X_ Miami ___ Key West
___ FTL ___ WPB ___ FTP

New Defendant(s)      Yes ___   No ___
Number of New Defendants   ___
Total number of counts   ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No) __NO__
   List language and/or dialect _____

4. This case will take _0_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days       _X_         Petty       ___
   II   6 to 10 days      ___         Minor       ___
   III  11 to 20 days     ___         Misdem.     ___
   IV   21 to 60 days     ___         Felony      _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) _NO_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) __NO__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) _NO_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No   If yes, was it pending in the Central Region? ___ Yes _X_ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

*Eloisa D. Fernandez*
ELOISA DELGADO FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 999768

\*Penalty Sheet(s) attached                                             REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

**00- 1080 CR - LENARD**

Defendant's Name: NARAS AVIATION, INC.

Count #: 1   18 USC 287

MAGISTRATE JUDGE
TURNOFF

*Max Penalty: $500,000 FINE AND 5 YEARS PROBATION

Count #:

*Max. Penalty:

Count #: 7

*Max. Penalty:

Count #: 8

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

**00-1080 CR-LENARD**

Defendant's Name: NATARAJAN NARAYANAN

Count #: 1    18 USC 287

MAGISTRATE JUDGE
TURNOFF

*Max Penalty: $250,000 FINE AND 5 YEARS IMPRISONMENT

Count #:

*Max. Penalty:

Count #: 7

*Max. Penalty:

Count #: 8

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96